UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **KRISTINA COMPTON, Individually and for Others Similarly Situated,**<br><br>v.<br><br>**WORK MANAGEMENT, INC.** | Case No. 4:19-cv-04789<br><br>Collective Action Pursuant To 29 U.S.C. § 216(b) |

## ORIGINAL COMPLAINT

### SUMMARY

1. Work Management, Inc. (WMI) failed to pay Kristina Compton (Compton), and other workers like her, overtime as required by the Fair Labor Standards Act (FLSA).

2. Instead, WMI paid Compton, and other workers like her, the same hourly rate for all hours worked, including those in excess of 40 in a work week.

3. Compton brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this Court because Compton performed work for WMI in this District and Division.

### THE PARTIES

6. Compton was an hourly employee of WMI.

7. Her written consent is attached as Exhibit A.

8. WMI is headquartered in Georgia, but provides services throughout the country.

9.     WMI may be served with process by serving its registered agent at Business Filings Incorporated, 701 Brazos Street, Suite 720, Austin, Texas 78701.

## COVERAGE UNDER THE FLSA

10.    At all relevant times, WMI was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11.    At all relevant times, WMI was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12.    At all relevant times, WMI was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

13.    At all relevant times, WMI had an annual gross volume of sales made in excess of $1,000,000.

14.    At all relevant times, Compton and the Putative Class Members (defined below) were engaged in commerce or in the production of goods for commerce.

## THE FACTS

15.    Work Management, Inc. provides the infrastructure to support the management and implementation of many of the core standard nuclear performance model processes. http://www.workmanagementinc.com/services/.

16.    WMI hired Compton around July of 2016.

17. WMI staffed Compton to Exelon's Colorado Bend 1 Power Plant in Wharton, Texas; the Southern Company's Vogtle Power Plant in Waynesboro, Georgia; and Entergy's Grand Gulf Nuclear Plant in Port Gibson, Mississippi.

18. Compton stopped working for WMI in February of 2019.

19. Compton was a Project Controls Scheduler on behalf of WMI.

20. Compton would provide online and outage scheduling.

21. Compton reported the hours she worked to WMI on a regular basis.

22. WMI did not guarantee Compton a salary.

23. Compton was paid $58 for every approved hour worked.

24. Compton's offer letter listed her overtime rate at $58 per hour.

25. If Compton worked fewer than 40 hours in a week, she was only paid only for the hours worked.

26. But Compton normally worked more than 40 hours in a week.

27. Compton routinely worked 60 hours a week.

28. The hours Compton and the Putative Class Members' work are reflected in WMI's records.

29. WMI paid Compton at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

30. Rather than receiving time and half as required by the FLSA, Compton only received "straight time" pay for overtime hours worked.

31. This "straight time for overtime" payment scheme violates the FLSA.

32. WMI was and is aware of the overtime requirements of the FLSA.

33. WMI nonetheless failed to pay certain hourly employees, such as Compton, overtime.

34. Compton and the Putative Class Members perform job duties in furtherance of the power industry business sector and are subjected to similar compensation practices.

35. Compton and the Putative Class Members also worked similar hours and were denied overtime because of the same illegal pay practice.

36. Compton and the Putative Class Members regularly worked in excess of 40 hours each week.

37. WMI did not pay Compton and the Putative Class Members on a salary basis.

38. WMI paid Compton and the Putative Class Members "straight time for overtime."

39. WMI failed to pay Compton and the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

40. WMI knew, or acted with reckless disregard for whether, Compton and the Putative Class Members were paid on a salary basis or were exempt from the FLSA overtime requirements.

41. WMI's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

42. In March of 2019, WMI changed its straight time for overtime pay practice and started paying overtime.

### COLLECTIVE ACTION ALLEGATIONS

43. WMI's illegal "straight time for overtime" policy extends beyond Compton.

44. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

45. WMI paid over 200 hourly workers using the same unlawful scheme.

46. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

47. The workers impacted by WMI's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

48. Therefore, the class is properly defined as:

**All employees of Work Management, Inc. who were, at any point in the past 3 years, paid "straight time for overtime." (the "Putative Class Members")**

## CAUSE OF ACTION

49. By failing to pay Compton and the Putative Class Members overtime at one-and-one-half times their regular rates, WMI violated the FLSA's overtime provisions.

50. WMI owes Compton and the Putative Class Members the difference between the rate actually paid and the proper overtime rate.

51. Because WMI knew, or showed reckless disregard for whether its pay practices violated the FLSA, WMI owes these wages for at least the past three years.

52. WMI is liable to Compton and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

53. Compton and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## PRAYER

54. Compton prays for relief as follows:

    a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the Putative Class Members;

    b. Judgment awarding Compton and the Putative Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

c. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

d. All such other and further relief to which Compton and the Putative Class Members may show themselves to be justly entitled.

Respectfully submitted,

By: */s/ Michael A. Josephson*
**Michael A. Josephson**
Fed. Id. 27157
State Bar No. 24014780
**Andrew W. Dunlap**
Fed Id. 1093163
State Bar No. 24078444
**Richard M. Schreiber**
Fed Id. 705430
State Bar No. 24056278
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Fed. Id. 21615
State Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**